## Criswell Estate

*A. Thomas Parke, 3rd,* for accountant.

*W. Edwards Greenwood* and *William H. Mitman,* for legatees.

MACELREE, P. J., December 29, 1961.—Decedent, a married man, leaving to survive him a spouse, died February 2, 1960, leaving a will dated the first day of October, 1958, which was duly probated and upon which letters testamentary were granted February 11, 1960.

By the terms of his will, decedent provided inter alia as follows:

"(b) In case my wife, Helen B. Criswell, survives me, she shall have the absolute power to invade the

principal of the trust for her own use as she feels her need for such arises."

Attached to the petition for adjudication and statement of proposed distribution is a certain written instrument dated September 18, 1961, as follows:

"I, Helen B. Criswell, of Cochranville, Chester County, Pennsylvania, do hereby make the following demand on the First National Bank of West Chester, Trustee under the will of my late husband, Carrol L. Criswell:

"Paragraph Third (b) of the will of my said husband duly probated in the Register of Wills' Office of Chester County, Pennsylvania, gives me absolute power to invade the principal of the trust therein established for my own use as I feel my need for such arises.

"I hereby exercise the aforesaid power and do demand from said Trustee the entire principal of said trust.

"This demand upon the Trustee shall be effective immediately upon the delivery of this writing to any officer of said Trustee, whether delivery is made by me or by any other person.

"Executed on Sept. 18, 1961.

/s/ Helen B. Criswell

Witnesses:
A. Thomas Parke, III
William E. Parke

Received The First National
Bank of West Chester
By: W. Perry Tyson,
    Trust Officer
Date: Sept. 19, 1961."

As stated by counsel for the accountant, the question submitted to this court is "Does demand by Helen B. Criswell for entire principal of trust defeat the trust

or must the estate nevertheless be awarded to the trustee?"

This court is of opinion that a better statement of the question involved is twofold, to wit:

(1) Should this court render what is really a declaratory judgment prior to the fund being awarded to the trustee?

If so, a negative answer to this question necessarily defers the court's passing upon the second question until the appropriate time.

(2) Under the language of decedent's will and the paper instrument hereinabove recited, is Helen B. Criswell entitled to presently have awarded to her on "demand" the entire principal balance for distribution?

Counsel for all of the parties in interest have indicated at oral argument that they prefer to have the court dispose of the question by way of declaratory judgment.

As noted by the late Justice Stearne (then a judge of the Orphans' Court of Philadelphia County) in Arrott's Estate, 36 D. & C. 546, 549:

"An objection to rendering such judgments at an audit arises from the informality which is characteristic of such proceedings."

The situation in Arrott's Estate differing from the situation presented to this court, in that the funds in Arrott's Estate were already in the possession of the trustee, the Orphans' Court of Philadelphia County determined that under such circumstances a declaration to guide the future conduct of the trustee could safely be made.

Counsel for Helen B. Criswell seek to circumvent the award of the balance for distribution to the trustee on the theory that the trust is dry.

Counsel have submitted no authority in support of such a contention nor do we believe that such a con-

tention can prevail under the existing factual situation.

A careful reading of the will indicates clearly that decedent, by the language used, created an active trust of the residue of his estate for certain uses and purposes:

(a) To provide for the care and comfort of Mattie A. Ross, his aunt (who predeceased him);

(b) To provide a fund, the principal of which might be invaded by his surviving spouse when her need for such invasion for her own use might arise;

(c) To provide an income for a cousin, Norris Harvey;

(d) To provide for Faggs Manor Presbyterian Church a legacy of whatever remained.

It must be noted that Helen B. Criswell, in her instrument dated September 18, 1961, "demands from said *trustee* the entire principal of said trust."

Such a "demand," in the opinion of this court is clearly premature until the *trustee* is in possession of such trust funds.

In the opinion of this court, an orderly administration of decedent's estate requires that distribution should now be made in accordance with decedent's will, and the rights of Helen B. Criswell postponed until such time as she properly seeks to exercise her power to invade the principal of the *trust* for her own use as her need for such arises.